

## MEMORANDUM OPINION

No. 04-07-00468-CV

Sondra L. **GROHMAN-KAHLIG**,
Appellant

v.

Clarence J. **KAHLIG**, II,
Appellee

From the 131st Judicial District Court, Bexar County, Texas
Trial Court No. 2005-CI-13102
Honorable John D. Gabriel, Jr., Judge Presiding

**OPINION ON APPELLEES' MOTION FOR REHEARING**[1]

Opinion by:    Alma L. López, Chief Justice

Sitting:    Alma L. López, Chief Justice
            Phylis J. Speedlin, Justice
            Rebecca Simmons, Justice

Delivered and Filed:  December 17, 2008

APPELLEES' MOTION FOR REHEARING DENIED

---

[1] The style of the trial court's judgment is the style this court uses for its opinions.  The appellees in this appeal include Clarence J. Kahlig, II and North Park Lincoln Mercury and Kahlig Enterprises in their various business forms, including North Park Lincoln-Mercury, Inc., North Park Lincoln-Mercury, Ltd., North Park Holding, L.L.P., North Park LM, L.L.C., Kahlig Enterprises, Inc., Kahlig Motor, Ltd., Kahlig Motor Holding, L.L.P., and Kahlig Motor Management, L.L.C.

In their motion for rehearing, appellees contend that this court erred in reversing the entities' attorney's fee award "without addressing the [entities'] independent right to attorney's fees under the Declaratory Judgments Act." In a declaratory judgment action, attorney's fees may be awarded as are "equitable and just." TEX. CIV. PRAC. & REM. CODE ANN. § 37.009 (Vernon 2008). The trial court in this case considered its award of attorney's fees in the context of declaring that Kahlig was permitted to unilaterally determine the business form of the entities. Although we agree that an award of attorney's fees in a declaratory judgment action is not limited to a prevailing party, *see In re Ray Ellison Grandchildren Trust*, 261 S.W.3d 111, 126-27 (Tex. App.—San Antonio 2008, pet. denied), we cannot predict whether the trial court would have exercised its discretion in awarding attorney's fees in the same manner had it ruled differently on the merits of the declaratory relief claim. Therefore, because we reverse the portion of the trial court's judgment granting the declaratory relief, we also reverse the award of attorney's fees and remand the cause to determine, in part, "what award of attorney's fees, if any, is equitable and just in light of our holdings." *Board of Medical Examiners v. Nzedu*, 228 S.W.3d 264, 276 (Tex. App.—Austin 2007, pet. denied); *see also Gore v. Scotland Golf, Inc.*, No. 04-03-00143-CV, 2003 WL 22238916, at *4 (Tex. App.—San Antonio Oct. 1, 2003, no pet.) (mem.op.) (reversing attorney's fees to enable trial court to reconsider fees on remand where trial court's order granting relief was reversed). Appellees' motion for rehearing is denied.

Alma L. López, Chief Justice